# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Supreme Raheem Ackbar, #182864, *a/k/a Ronald Gary, #275886*, <br><br> Plaintiff, <br><br> v. <br><br> Scott Lewis, <br> C. Hindenburg, <br> Officer Jacobs, <br><br> Defendants. | Civil Action No. 4:19-cv-2045 <br><br> **ORDER AND OPINION** |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 31) recommending the Court dismiss the Complaint (Dkt. No. 1) with prejudice and without issuance and service of process. For the reasons set forth below, the Court adopts the R & R as the Order of the Court.

## I. Background

Plaintiff Supreme Raheem Ackbar is an incarcerated person proceeding *pro se* and *in forma pauperis*.[1] Plaintiff filed this action on July 22, 2019 under 42 U.S.C. § 1983 alleging that his civil rights were violated. (Dkt. No. 1.) Plaintiff alleges that for a few hours he was without water to flush the toilet in his cell, and that he was forced to eat lunch while smelling the toilet. (*Id.* at 18–19.) Plaintiff alleges steel coverings were put on his windows, also violating his

---

[1] Under the Prison Litigation Reform Act ("PLRA"), a court may not grant *in forma pauperis* status to a prisoner if he "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g) (the "three-strikes rule").

constitutional rights. (*Id.* at 20.) Plaintiff further alleges he could not make copies of legal materials. (*Id.* at 20–22.)

On July 29, 2019, the Magistrate Judge issued a proper form order informing Plaintiff that his complaint was subject to dismissal for failure to state a claim. (Dkt. No. 10 at 1–3.) The Magistrate Judge gave Plaintiff twenty-one days to file an amended complaint or risk dismissal. (*Id.* at 1.) Plaintiff did not file an amended complaint. Instead, on August 16, 2019, Plaintiff filed a motion to strike the Court's prior orders. (Dkt. No. 13.)

On September 10, 2019, the Magistrate Judge entered a text order denying Plaintiff's Motion to Strike and giving Plaintiff an additional fifteen days to file an amended complaint. (Dkt. No. 17.) Plaintiff did not file an amended complaint. Instead, Plaintiff appealed the Magistrate Judge's text order. (Dkt. No. 20.) The Court affirmed the Magistrate Judge's July 29, 2019 and September 10, 2019 orders, and directed Plaintiff to cure the defects in his complaint within twenty-one days. (Dkt. No. 25.)

On February 12, 2020, the Magistrate Judge filed an R & R recommending the Court dismiss Plaintiff's Complaint with prejudice and without service of process, pursuant to 28 U.S.C. § 1915(e)(2), which permits a court to dismiss a complaint if it is "frivolous or malicious" or "fails to state a claim on which relief may be granted[.]" (Dkt. No. 9.) On February 28, 2020, Plaintiff filed timely objections, but his objections are merely non-specific boilerplate that raises no substantive argument. Namely, Plaintiff states the R & R "is without verified factual findings and clearly another act of wrongdoing," and that the R & R "violates Plaintiff's right to access the court." (Dkt. No. 33).

## II. Legal Standard

### A. *Pro Se* Pleadings

*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by attorneys and are accorded liberal construction to allow for the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim cognizable in federal district court, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

### B. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). This Court must make a *de novo* determination of those portions of the R & R Plaintiff specifically objects. Fed. R. Civ. P. 72(b)(2). Where Plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). In the absence of objections, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See, e.g., Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation."). Plaintiff filed objections, and the R&R is reviewed *de novo*.

## III. Discussion

After a thorough review of the R & R and Plaintiff's objections, the Court finds that the Magistrate Judge comprehensively addressed the issues and correctly concluded that Plaintiff's complaint should be dismissed. Plaintiff's objections neither articulate the specific portions of the R & R Plaintiff disagrees with nor the basis for said objections. *See White v. Stacher*, No. CV 6-05-1737-GRA-WMC, 2005 WL 8163328, at *3 (D.S.C. July 25, 2005), *adopted by*, No. CV 6-05-1737-GRA-WMC, 2005 WL 8163324 (D.S.C. Aug. 29, 2005) ("Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections."). To the extent Plaintiff objects to the Magistrate Judge's analysis of his claims, the Court finds the objection without merit.

The Court finds that the Magistrate Judge correctly concluded that Plaintiff's allegations fail to state a claim and are subject to dismissal. The allegation of limited prison cell water service for a period of time does not rise to the level of a constitution deprivation. *See Colberth v. Olson*, No. 4:09-cv-3213-JFA-TER, 2011 WL 976737, at *1 (D.S.C. Mar. 17, 2011). Nor is smelling toilet odor for a period of time a constitutional violation. *See Kershaw v. Abraham*, No. 4:18-1176-BHH, 2018 WL 4095577 (D.S.C. Aug. 28, 2018). Similarly, the allegation of a metal plate on the cell window is not sever enough that it denies the "minimal civilized measures of life's necessities." *Wright v. Lassiter*, No. 1:18-cv-0090, 2018 WL 4186418, at *10 (W.D.N.C. Aug. 30, 2018). And the allegation Plaintiff is unable to copy legal materials in the prison is not pled with any specificity such that it makes out a claim for failure to provide access to the courts. *See Cochran v. Morris*, 73 F.2d 1310, 1317 (4th Cir. 1996).

The Fourth Circuit Court of Appeals has found where the district court already afforded an opportunity to amend, the district court has the discretion to afford another opportunity to amend or can "dismiss the complaint with prejudice, thereby rendering the dismissal order a final,

appealable order." *Workman v. Morrison Healthcare*, 724 Fed. Appx. 280 (4th Cir. June 4, 2018) (Table); *Knox v. Plowden*, 724 Fed. Appx. 263 (4th Cir. May 31, 2018) (Table) (on remand, district judge dismissed the action with prejudice); *Mitchell v. Unknown*, 2018 WL 3387457 (4th Cir. July 11, 2018) (unpublished). Thus, as Plaintiff failed to amend the pleading after repeated notices and court orders (Dkt. Nos. 10, 17, 25), the complaint is subject to dismissal with prejudice.

Lastly, Plaintiff will not be allowed to proceed *in forma pauperis* in future actions unless he can demonstrate imminent danger of serious physical injury. At least three of Plaintiff's previous complaints have been dismissed with prejudice. 28 U.S.C. § 1915(g); *McLean v. U.S.*, 566 F.3d 391 (4th Cir. 2009) (complaint must be dismissed with prejudice to count as a strike under § 1915); *see, e.g.*, (1) *Ackbar v. McCall*, No. 4:18-1581-RMG, 2018 WL 3238826 (D.S.C. July 3, 2018) (finding complaint frivolous and dismissing with prejudice, counting dismissal as a strike per 28 U.S.C. § 1915(g)), *affirmed*, 744 Fed. Appx. 178 (4th Cir. 2018); (2) *Ackbar v. Monaco*, No. 4:19-1373-RMG, 2019 WL 4784775 (D.S.C. Oct. 1, 2019) (failure to state a claim and dismissal with prejudice), *appeal filed*, 2019 WL 4784775; (3) *Ackbar v. Connor*, No. CV 4:18-3181-RMG, 2019 WL 927354 (D.S.C. Feb. 26, 2019) (failure to state a claim and dismissed with prejudice), *aff'd*, 776 F. App'x 141 (4th Cir. 2019), *cert. denied*, 140 S. Ct. 603 (2019). The fact Plaintiff's appeal in *Monaco* is pending does not change this analysis. *Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015) (stating that courts "must count [a] dismissal *even though it remains pending on appeal*" when counting strikes under § 1915(g)) (emphasis added)).

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 31) as the Order of the Court. Plaintiff's complaint is **DISMISSED WITH PREJUDICE.**

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

March 4, 2020
Charleston, South Carolina